IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID WEEKS-ISRAEL, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:18-cv-0317 |
| U.S. ARMY RECRUITING SUFFOLK, | ) |
| Defendant. | ) |

TO: The Honorable William L. Campbell, District Judge

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Government's Motion to Dismiss (DE 11) be granted and that this case be dismissed for lack of jurisdiction.

### I. Background

The Plaintiff filed this complaint on March 27, 2018 and paid the filing fee of $400. Accordingly, the case was not reviewed for frivolity under 28 U.S.C. § 1915. Once the Plaintiff with the assistance of the Court (DE 6) was able to complete service of process, the United States promptly filed a Motion to Dismiss for Lack of Jurisdiction (DE 11). In their Memorandum of Law in support of their motion, (DE 15) the Defendants recite that the Plaintiff has filed a complaint alleging that an Army recruiter in Suffolk, New York "falsified military documents" on the Plaintiff's military induction form where the Plaintiff was inducted into the army on November 3, 1978. The complaint did not state any specific grounds for jurisdiction. The complaint does

allege that on November 3, 1978 the Army recruiter listed his birthday as November 22, 1959 when in fact his correct birthday, which he states he provided to the Army recruiter, was November 30, 1959. He alleges that a false birth certificate was uploaded to his military files and he did not locate his true birth certificate until September 12, 1994. In his prayer for relief, the Plaintiff requested:

      a.      Legal representation and assistance in preparing his case,

      b.      Obtaining information about his falsified birth certificate,

      c.      Obtaining page one of his DD Form 1966, and

      d.      Compensation for financial, emotional, mental, and physical distress and defamation.

In their Motion to Dismiss, the Government alleges that the Court lacks subject matter jurisdiction as the Plaintiff fails to pierce sovereign immunity. Additionally, the Government argues that the Plaintiff did not exhaust his Administrative remedies since he did not file a Federal Tort claim prior to instituting this litigation.

Following the filing of this motion, a telephone conference was held with the parties on April 29, 2019 (DE 25). The Plaintiff was given a deadline of May 3 to respond. Subsequently the Plaintiff requested (DE 26) and received (DE 27), an Extension of Time to respond to the motion until May 31, 2019.

On May 30, 2019 (DE 28) the Plaintiff filed a Motion for Discovery and included a number of documents containing his birth certificates, various documents relating to his enlistment in 1978, his marriage certificate in 1981, documents from the VA showing he was awarded disability benefits for PTSD, and a Court Order showing that he changed his name from David Weeks to David Weeks-Israel in November of 2017.

Unfortunately, none of these documents pertain to the Government's Motion to Dismiss, by showing a jurisdictional basis for his claim or showing that he had exhausted his administrative remedies by filing and Administrative Claim under the Federal Tort Claim Act (FTCA).

**I. Legal Analysis**

The United States has supported its Motion to Dismiss with a declaration of Joseph M. Masterson (DE 12) certifying that he is a Senior Legal Advisor for the Army Board for Correction of Military Records (ABCMR) that is authorized to correct military records when an error or injustice has been shown in accordance with Army Regulation 15-185. He states the ABCMR has the authority to recommend correction of incorrect date of births in military records and such an application can be filed at anytime subject to a three-year statute of limitations or any time with a waiver in the interest of justice. He states that a search of the ABCMR records revealed the Plaintiff has not filed a claim with respect to any alleged incorrect birthdate, although the Plaintiff has filed one or more applications with the board with respect to a different matter.[1]

The declaration of Connie M. McConahy was attached (DE 13). This declaration states that she is the Acting Chief of the U.S. Army Claim Service (USARCS) and that the USARCS maintains a computerized database of all claims filed with the agency. She states that in her capacity as Acting Chief she has access to the records which include claims filed under the FTCA and other related tort claim statutes. She states that she has conducted a thorough search of all such records and the Army has not received any administrative tort claim from David Weeks-Israel.

---

[1] Since this is a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) this declaration would appear to be outside of the record and the Magistrate Judge will therefore, not consider it in deciding the motion. The plaintiff may have the ability to request a change of his DD Form 1966 although it appears his records may now be correct in any case.

There is a declaration from Kenneth A. Clayton (DE 16) who states that he is the paralegal specialist in the Litigation Division, Military Personnel Branch of the United States Army Legal Services Agency and is responsible for providing administrative support for counsel representing the Army in military personnel actions. He states he has access to Mr. Weeks-Israel's records in the National Personnel Records Center and that the file shows as of 11 March 2019 one birth certificate showing that Mr. Weeks-Israel was born November 30, 1959 and that the DD Form 1966, page 1 from 1985 shows Mr. Weeks was born on November 22, 1959. His official military personnel file does not contain page 1 from his DD Form 1966 corresponding to his initial enlistment in 1978. Since Mr. Weeks complaint involves his military record, particularly from 1978, the Magistrate Judge will consider this declaration and the documents attached to Mr. Clayton's declaration.

### III. Legal Discussion

Where the Defendant moves to dismiss a complaint pursuant to Fed. R. Civ. P. § 12(b)(1) and (6), the Court must construe the complaint in the light most favorable to the Plaintiff and accept all its factual allegations as true and draw all reasonable inferences in favor of the Plaintiff. Mills v. Barnard, 869 F.3d 473, 479 (6th Cir. 2017). However, the Court need not accept as true legal conclusions and unwarranted factual inferences and is not bound by conclusionary allegations or legal conclusions masquerading as factual allegations4 Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 555 (2006). Likewise, while *pro se* complaints are liberally construed and are held to a less stringent standard than formal pleadings drafted by lawyers, the complaint nevertheless must contain enough facts to state a claim for relief that is plausible on its face, Brown v. Matauszak, 415 F. App'x 608, 612 (6th Cir. 2011).

4

The Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence since Federal Courts are limited jurisdiction and jurisdiction is not presumed. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The United States has made a facial attack on the complaint. A facial attack is a challenge to the factual existence of subject matter jurisdiction, giving the complaint a liberal reading and taking the material allegations in the complaint as true. United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). The Government also alleges that under Fed. R. Civ. P. 12(b)(6) that the complaint fails to allow the Court to draw a reasonable inference that the Defendant is liable for the mis-conduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In order to sue the United States, the Plaintiff must show the United States as the sovereign, has waived its immunity to be sued and that the Plaintiff has satisfied any prerequisites required for that consent. United States v. Mitchell, 445 U.S. 535, 538 (1980); Portsmouth Ambulance, Inc. v. United States, 756 F.3d 494, 498 (6th Cir. 2014).

The United States has not waived its sovereign immunity for monetary damages for constitutional torts against an individual federal agent. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Additionally, such claims must be brought within one year and the statute of limitations, since the case was brought in Tennessee, is one-year. Zundel v. Holder, 687 F. 3d 271, 281 (6th Cir. 2012). As the Government correctly points out, the Plaintiff has named the U.S. Army Suffolk as the Defendant and the recruiting command is an agency of the United States. Therefore, this is a suit against the United States. Castleberry v. Alcohol, Tobacco & Firearms Div., 530 F.2d 673 n.3 (5th Cir. 1976). The United States has waived its sovereign immunity for a number of claims under the Federal Tort Claim Act. (FTCA). However, for the Plaintiff to have claims under the FTCA he must first exhaust his administrative remedies 28 U.S.C. § 2675 (1948); McNeil v. United States, 508 U.S. 106, 113 (1993). The United States has produced evidence the

Plaintiff has failed to exhaust his administrative remedies under the FTCA. The Plaintiff has provided no evidence that in fact he has filed such a claim. The law appears well settled that the filing of an administrative claim is a jurisdictional prerequisite for which there is no equitable exception. In this case, the Plaintiff's complaint does not allege that he filed an administrative claim within two years of the Government's alleged negligence. He has done nothing to refute the evidence the United States has provided that no such claim has ever been filed. Without evidence of filing such a claim, the court lacks jurisdiction to proceed. Willis v. United States, 1992 U.S. App. LEXIS 18507, at *5 (6th Cir. July 29, 1992).

The government goes to some length to argue that even if the FTCA applied the complaint would be barred by other exceptions. However, since it is clear that the Plaintiff has not filed an administrative claim, further discussion of why a claim would not fall under the FTCA is not needed.

Of course, in this case it appears the original error, if any, was made by a recruiter listing the Plaintiff's actual birthday as eight days earlier than his actual birth occurred in 1978 over 40 years ago. It appears the Plaintiff did serve honorably in the military and in fact is receiving benefits from the Veterans Administration because of his service connected disability. Since it appears his current records do show the birth certificate date he claimed is correct, the only error appears to be the DD 1966 from 1985 that shows a birth date of November 22, 1959. The first page of the DD 1966 from 1978 is missing. It is possible he can correct this through the ABCMR. Regardless, this court does not have jurisdiction to proceed further in this matter.

## IV. Recommendation

For the reasons state above, the Magistrate Judge recommends this case be dismissed for failure to state a claim under Fed. R. Civ. P. (12)(b)(1) and (6).

Any party has fourteen (14) days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

Respectfully submitted,

/S/  Joe B. Brown
Joe B. Brown
United States Magistrate Judge